Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3000 | **DATE** | September 1, 2011 |
| **CASE TITLE** | Lester Dobbey (#R-16237) vs. Michael Randle, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $25.14 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The Court previously had determined that the claim originally filed in No. 10 C 3965 and now refiled in this action was acceptable. However, Plaintiff has now submitted a proposed amended complaint [5]. The Court will undertake its preliminary review pursuant to 28 U.S.C. § 1915A and issue a further order following that review.

■ **[For further details see text below.]**  Docketing to mail notices.

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials, violated Plaintiff's constitutional rights by retaliating against him for exercising his First Amendment rights. More specifically, Plaintiff alleges that he was subjected to false discipline and unnecessary shakedowns of his cell because he filed lawsuits against correctional employees. This case was severed from *Dobbey v. Randle*, Case No. 10 C 3965 (N.D. Ill.), as the Court previously found that Counts I and II of the Plaintiff's second amended complaint contained misjoined claims. *See* Minute Order of May 4, 2011 (Dow, J.); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $25.14. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Prior to the severance of Plaintiff's claims required by *George* and effectuated in the Court's prior minute order in 10 C 3965, the Court had concluded that Plaintiff's original complaint in the 10 C 3965 action contained two acceptable, but misjoined claims. Upon further examination of the severed claim in this lawsuit, the Court remains of the view that, accepting Plaintiff's allegations as true, the portion of the original complaint severed into 11 C 3000 stated a colorable federal cause of action against certain Defendants. Correctional officials may not retaliate against a prisoner for engaging in activity protected by the First Amendment, including filing lawsuits. See, *e.g., Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Nitz v. Doe*, No. 08 C 0334, 2010 WL 4823363, *4 (N.D. Ill. Nov. 18, 2010) (Hibbler, J.). While a more fully developed record may belie Plaintiff's allegations, the allegations were sufficient as to Defendants Turner and Reed. The allegations were not sufficient as to the named administrative officials who denied Plaintiff's ensuing grievance. Illinois's statutory grievance procedures do not create a protected interest. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Any right to a grievance is a procedural one, not substantive. *Id.* Supervisory officials' failure to find that retaliation occurred and to rule favorably on a plaintiff's grievance is therefore not actionable under Section 1983.

However, as this order was being prepared for release, the Court became aware that Plaintiff has submitted an amended complaint [5]. As that amended complaint will supersede the prior complaint, the Court must perform the threshold analysis under § 1915A in regard to the allegations set forth in the amended complaint. Once that analysis is complete, the Court will issue another order directing the Clerk to issue summonses and directing the United States Marshals Service to serve the summonses and complaint as appropriate.

Although Plaintiff is an experienced litigant with several matters pending before the Court, he is reminded to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants (or to defense counsel, once an attorney has entered an appearance on behalf of Defendants). Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.