Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT M. DOW, JR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3000 | **DATE** | 9/8/11 |
| **CASE TITLE** | Lester Dobbey (#R-16237) vs. Michael Randle, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to: (1) file the amended complaint; (2) terminate Defendants Walker, Pierce, McCann, Shaw, Ramos, Hosey, Thomas, Kissell, Thompson, Zhang, and Williams pursuant to the amended complaint and Fed. R. Civ. P. 15(a); (3) terminate Defendants Bass, Randle, Miller, and Hardy pursuant to 28 U.S.C. § 1915A; (4) issue summonses for service of the amended complaint on Defendants Reed and Turner by the U.S. Marshal; and (5) send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [For further details see text below.]  **Docketing to mail notices.**

## STATEMENT

Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials, violated Plaintiff's constitutional rights by retaliating against him for exercising his First Amendment rights. More specifically, Plaintiff alleges that he was subjected to false discipline and unnecessary shakedowns of his cell because he filed lawsuits against correctional employees. This case was severed from *Dobbey v. Randle*, Case No. 10 C 3965 (N.D. Ill.), as the Court previously found that Counts I and II of Plaintiff's second amended complaint contained misjoined claims. See Minute Order of May 4, 2011; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff subsequently submitted an amended complaint in connection with his retaliation claim.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the amended complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Reed and Turner. Correctional officials may not retaliate against a prisoner for engaging in activity protected by the First Amendment, including filing lawsuits. See, *e.g., Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *Nitz v. Doe*, No. 08 C 0334, 2010 WL 4823363, *4 (N.D. Ill. Nov. 18, 2010). While a more fully developed record may belie Plaintiff's allegations, Defendants Turner and Reed must respond to the complaint.

**(CONTINUED)**

mjm

| **STATEMENT (continued)** |
|---|

However, the complaint is dismissed as to administrative officials who denied Plaintiff's ensuing grievance and appeals. Illinois' statutory grievance procedures do not create a protected interest. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Any right to a grievance is a procedural one, not substantive. *Id.* Supervisory officials' failure to find that retaliation occurred and to rule favorably on Plaintiff's grievance therefore is not actionable under Section 1983.

The Clerk shall issue summonses forthwith for service of the amended complaint. The United States Marshals Service is appointed to serve defendants Turner and Reed. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If either Defendant can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with that Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.